# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-945V

| | | |
|---|---|---|
| JUSTIN HOCK, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: March 18, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Maximillian J. Muller*, Muller Brazil, LLP, Drescher, PA, for Petitioner.

*Eleanor Hanson*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On February 18, 2021, Justin Hock filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that an influenza vaccine received on October 8, 2018, caused him to develop myelin oligodendrocyte glycoprotein antibody-associated disease. ECF No. 19. A two-day Entitlement Hearing was held on December 14-15, 2023, and a final resolution of the claim remains pending.

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated Feb. 5, 2024 (ECF No. 49) ("Mot."). It is his first fees request in this case. Petitioner requests a total of $142,931.95 ($93,709.00 in fees, plus $49,222.95 in costs) for the work of the attorneys

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

and paralegals at Muller Brazil, through the date of hearing plus some time spent on the matter in January 2024. Mot. at 2. Respondent reacted to the fees request on February 6, 2024. *See* Response, dated Fed. 6, 2024 (ECF No. 50) ("Resp."). Respondent defers to my discretion as to whether the statutory requirements for an interim award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. *Id.* at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** in part Petitioner's motion, awarding fees and costs in the total amount of $140,431.95.

## ANALYSIS

### I.     Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

I find that Petitioner has made a sufficient showing of reasonable basis to justify an interim fees award. While the ultimate resolution of causation remains to be determined, Petitioner has put forward more than enough objective support for the claim, as was evident from the December 2023 hearing. In addition, the other indicia I consider significant in interim award requests have been met. This matter has been pending for three years, many expert reports have been filed, the requested fees are substantial, and I generally deem it appropriate to allow an interim award after a hearing is held, given the large associated expenses of trial. And no other circumstances exist that make an interim award inappropriate.

## II.    Calculation of Fees

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | **2018** | **2019** | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|---|---|
| **Leigh Finfer (Attorney)** | -- | -- | -- | -- | -- | $275.00 | -- |
| **Maximillian J. Muller (Attorney)** | -- | $325.00 | $350.00 | $375.00 | $400.00 | $425.00 | $450.00 |
| **Amy Senerth (Attorney)** | -- | -- | -- | -- | -- | $375.00 | -- |
| **Stacie Bole (Paralegal)** | -- | -- | $125.00 | -- | -- | $140.00 | -- |
| **Stacey Bowman (Paralegal)** | $125.00 | -- | -- | $125.00 | $125.00 | -- | -- |
| **Erik Pavlacsek (Paralegal)** | -- | -- | -- | $125.00 | $125.00 | $140.00 | $140.00 |
| **Tereza Pavlacsek (Paralegal)** | -- | -- | -- | $160.00 | $160.00 | $177.00 | $177.00 |
| **Marcela Senerth (Paralegal)** | -- | $125.00 | $125.00 | $125.00 | $125.00 | $140.00 | -- |
| **Katy Yoos (RN/Paralegal)** | -- | -- | $165.00 | -- | $165.00 | $165.00 | $165.00 |

Final Fees Mot. at 1–2, 7–16.

Mr. Muller and his colleagues practice in Dresher, Pennsylvania—a jurisdiction that has been deemed "in forum," and thus entitling her to rates commensurate with what was established in *McCulloch*. *See Le v. Sec'y of Health & Hum. Servs.*, No. 16-1078V, 2023 WL 2054467 (Fed. Cl. Spec. Mstr. Feb. 17, 2023). The rates requested are also consistent with what has previously been awarded these attorneys, in accordance with the Office of Special Masters' fee schedule (recently updated for 2024 rates) and relevant decisions.[5] *See Le v. Sec'y of Health & Hum. Servs.*, No. 16-1078V, 2023 WL 9502987 (Fed. Cl. Spec. Mstr. Dec. 20, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, http://www.cofc.uscourts.gov/node/2914 (last visited March 18, 2024).

### III.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $49,222.95 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, travel expenses, plus costs associated with the work of two experts, Syed Rizvi, M.D., and S. Michael Phillips, M.D. Mot. at 18. Dr. Rizvi prepared one report in this case and traveled to testify at the hearing. He submitted two invoices, reflecting a total amount of $17,302.26 (25 hours of work at $500 per hour, plus a flat $4,000.00 per day rate for two days of court appearances and expenses for travel). Mot. at 47-48. Dr. Phillips also prepared one report in this case, and traveled to testify at the hearing. He submitted two invoices reflecting a total amount of $25,987.18 (46.3 hours of work billed at $550.00 per hour, plus $522.18). Id. at 29-30, 49.

Although this trial was scheduled over two days, the second day concluded before noon. Thus, I will not award a full-day flat rate to Dr. Rivzi. I will instead award him his flat rate for the first day (since it is consistent with eight hours of trial time), plus $1,500.00 for the second day (three hours at his normal rate of $500 per hour.) This reduction of $2,500 from his requested amount comes out to $14,802.26. All other requested litigation-related costs in this matter shall be awarded in full without reduction.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** in part Petitioner's Motion for Attorney's Fees and Costs, and award a total of $140,431.95, reflecting $93,709.00 in fees, plus $46,722.95 in costs, in the form of a check made jointly payable to Petitioner and his counsel, Mr. Maximillian J. Muller.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

...

**IT IS SO ORDERED.**

<u>s/ Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
