# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-945V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JUSTIN HOCK, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: November 5, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Eleanor Hanson*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On February 18, 2021, Justin Hock filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). [2] Petition (ECF No. 1) at 1. Petitioner alleged that an influenza vaccine he received on October 8, 2018, caused him to develop myelin oligodendrocyte glycoprotein antibody-associated disease. *Id.* After a two-day hearing held in December 2023, I found Petitioner was entitled to an award of damages. *Hock v. Sec'y of Health & Hum. Servs.*, No. 21-945V, 2024 WL 3826125 (Fed. Cl. Spec. Mstr. July 12, 2024) (ECF No. 55). The parties have since then endeavored to agree on the proper amount of damages.

On November 4, 2024, Respondent filed a proffer proposing an award of compensation.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Proffer, dated Nov. 4, 2024 (ECF No. 59). I have reviewed the filing, and based upon that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my Decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of **$130,000.00**, representing compensation for pain and suffering, in the form of a check payable to Petitioner; and

- A lump sum payment of **$28,588.10**, representing compensation for satisfaction of the State of Maryland Medicaid lien, in the form of a check payable jointly to Petitioner and:
    Carelon Subrogation LLC
    P.O. Box 659940
    San Antonio, TX 78265-9939

Proffer at I–II. These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JUSTIN HOCK, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 21-945V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**PROFFER ON AWARD OF COMPENSATION**

On February 18, 2021, Justin Hock ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34, as amended ("Vaccine Act" or "Act"). Petitioner alleges that he suffered MOG-Antibody mediated demyelinating disease ("MOGAD") that developed following an influenza ("flu") vaccine administered on October 8, 2018. Petition ("Pet.") at 1. On December 15, 2021, respondent filed a Vaccine Rule 4(c) report defending the case. ECF No. 17. The court held an entitlement hearing, and on July 12, 2024, 2024, the Chief Special Master issued a Ruling on Entitlement granting entitlement. ECF Nos. 42, 55.

1

I.  **Compensation for Vaccine Injury-Related Items**

A. <u>Pain and Suffering</u>

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$130,000.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

B. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of Maryland Medicaid lien in the amount of **$28,588.10**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Maryland may have against any individual as a result of any Medicaid payments the State of Maryland has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about October 8, 2018, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.  **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following[1]:

A. A lump sum payment of **$130,000.00** in the form of a check payable to petitioner; and

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

  B.  A lump sum payment of **$28,588.10**, representing compensation for satisfaction of the State of Maryland Medicaid lien, in the form of a check payable jointly to petitioner and:

Carelon Subrogation LLC
P.O. Box 659940
San Antonio, TX 78265-9939

Petitioner agrees to endorse the check to Treasurer, State of Maryland, for satisfaction of the Medicaid lien.

  Petitioner is a competent adult. Evidence of guardianship is not required in this case.

              Respectfully submitted,

              BRIAN M. BOYNTON
              Principal Deputy Assistant Attorney General

              C. SALVATORE D'ALESSIO
              Director
              Torts Branch, Civil Division

              HEATHER L. PEARLMAN
              Deputy Director
              Torts Branch, Civil Division

              JULIA M. COLLISON
              Assistant Director
              Torts Branch, Civil Division

              <u>/s/ Eleanor A. Hanson</u>
              ELEANOR A. HANSON
              Trial Attorney
              Torts Branch, Civil Division
              U.S. Department of Justice
              P.O. Box 146
              Benjamin Franklin Station
              Washington, D.C. 20044-0146
              Tel: (202) 305-1110
              Eleanor.hanson@usdoj.gov

Date: November 4, 2024