# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-945V

| | | |
|---|---|---|
| JUSTIN HOCK, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: December 16, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Eleanor Hanson*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On February 18, 2021, Justin Hock filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) at 1. Petitioner alleged that an influenza vaccine he received on October 8, 2018, caused him to develop myelin oligodendrocyte glycoprotein antibody-associated disease. *Id.* After a two-day hearing held in December 2023, I found Petitioner was entitled to an award of damages. *Hock v. Sec'y of Health & Hum. Servs.*, No. 21-945V, 2024 WL 3826125 (Fed. Cl. Spec. Mstr. July 12, 2024) (ECF No. 55). Thereafter the parties agreed on a proffer resolving the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Nov. 5, 2024 (ECF No. 60).

Petitioner previously requested an interim award of attorney's fees and costs earlier this year, and was granted $140,431.95. Decision—Interim Attorney's Fees and Costs, dated Mar. 20,

---

[1] Under Vaccine Rule 18(b), each party has fourteen 914) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the national Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2024 (ECF No. 51). Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Dec. 5, 2024 (ECF No. 65) ("Final Fees Mot."). Petitioner now requests a total of $10,901.08, reflecting $10,753.40 in additional fees incurred since the time of the interim award, plus $147.68 in costs, for the work of the attorneys and paralegals at MullerBrazil. Final Fees Mot. at 1–2. Respondent reacted to the fees request on December 9, 2024. Response, dated Dec. 9, 2024 (ECF No. 66) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees and costs award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$10,901.08**.

**I.      Calculation of Fees**

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), except where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

2

|  | 2024 |
|---|---|
| **Maximillian J. Muller (Attorney)** | $450.00 |
| **Stacie Bole (Paralegal)** | $140.00 |
| **Ian Choy (Paralegal)** | $140.00 |
| **Erik Pavlacsek (Paralegal)** | $140.00 |
| **Marcela Senerth (Paralegal)** | $140.00 |
| **Katy Yoos (RN/Paralegal)** | $165.00 |
| **Tereza Pavlacsek (Paralegal)** | $177.00 |

Final Fees Mot. at 2, 5–9.

Mr. Muller and his colleagues practice in Dresher, Pennsylvania—a jurisdiction that has been deemed "in forum," and thus entitling him to rates commensurate with what was established in *McCulloch*. *See Le v. Sec'y of Health & Hum. Servs.*, No. 16-1078V, 2023 WL 2054467 (Fed. Cl. Spec. Mstr. Feb. 17, 2023). The rates requested are also consistent with what has previously been awarded these attorneys, in accordance with the Office of Special Masters' fee schedule (recently updated for 2024 rates) and relevant decisions (including this case).[3] *See Barton v. Sec'y of Health & Hum. Servs.*, No. 21-476V, 2024 WL 3177120, at *2 (Fed. Cl. Spec. Mstr. May 28, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

**II.    Calculation of Attorney's Costs**

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, http://www.cofc.uscourts.gov/node/2914 (last visited Dec. 16, 2024).

Petitioner seeks $147.68 in outstanding costs, including medical record retrieval costs. Final Fees Mot. at 2, 11. Such costs are typical in Program cases, were reasonably incurred in this matter, and are properly reimbursed.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$10,901.08**, reflecting $10,753.40 in fees, plus $147.68 in costs, in the form of a check made jointly payable to Petitioner and his counsel, Maximillian J. Muller.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.